BEYER v. VICTOR et al.

(Superior Court of New York City, General Term.    March 6, 1893.)

INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.

Where plaintiff was in the employ of defendant seven years, and was thoroughly acquainted with the operation of an elevator in defendant's place of business, and understood the signals used to notify fellow servants that some one was on the elevator, and using it, and while in the act of moving a heavy truck therefrom he neglected to give any signal in response to a call from a fellow servant until after he (plaintiff) suffered some injury, when he immediately signaled, and the elevator was restored to its former position, he cannot recover.

Appeal from jury term.

Action by John Beyer against George F. Victor and another. From a judgment entered at the trial term on an order dismissing the complaint, plaintiff appeals.    Affirmed.

Argued before SEDGWICK, C. J., and DUGRO and GILDER-SLEEVE, JJ.

August P. Wagener, for appellant.

Blumenthal & Hirsch, for respondents.

SEDGWICK, C. J.    The action was for damages to plaintiff from defendants' alleged negligence in not furnishing a safe elevator.    The facts were as follows:    The plaintiff had been for seven years a porter, employed by the defendants in their store.    Through that time he knew, as did the other porters, of whom a witness Lerb was one, the construction of the elevator, and the way in which it was intended to be worked, and in which it was worked.    At the time of the accident, the elevator was used as it had been used always.    On the day in question the plaintiff, in the course of his work, rolled upon the platform of the elevator a heavy case of goods which was on a four-wheeled truck, and remained there.    The plaintiff set the elevator in motion by pulling a rope, and it went to the fourth floor.    He moved the truck, so that it went about half upon the floor.    Before he had gone further, a chain that went down through the platform below was shaken.    He knew that was meant to obtain an answer whether the elevator was in use.    The chain was shaken by Lerb, upon the floor below.    On the trial the plaintiff was uncertain whether he, upon seeing the rope shake, spoke to the man, as the custom was.    Perhaps he believed that, as the truck was half off, he could get it all off at once, so as to clear the elevator for use, and that it was not necessary to speak.    The platform went down about two feet.    The truck tipped towards the plaintiff.    In this way it was that he received the bodily injuries.    When the case fell against him, he made a loud noise, and forthwith the platform was raised again, so as to be level with the floor.    From these facts it is evident that the plaintiff understood the way of working the elevator, and in particular the liability of a premature going down of the platform.    When, after knowledge of this, he continued in his service, he bore the risks which he saw and understood.    Indeed, the immediate occasion of the accident was that he did not make known in time to Lerb below that he

was using the elevator. Such had been the practice of years, and the plaintiff knew the necessity of it. After he did speak loud enough, the platform was returned to a level with the fourth floor. On the other hand, if Lerb's negligence in the management of the chain and of the rope that let on steam, caused the accident, it was the negligence of a fellow servant that would forbid a recovery by the plaintiff. The action of the judge below was called for by the evidence.

Judgment affirmed, with costs. All concur.